IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vincent Montez,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>    Defendants. | No. CV-05-2427-PHX-SMM (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on the Court's review of the file. Plaintiff commenced this action on August 12, 2005. (document # 1) On December 1, 2005, the Court ordered service on the Defendants. (document # 3) The also Court directed Plaintiff to immediately notify the Court in writing of any change in his address and warned Plaintiff that failure to do so could result in dismissal of this action. (Id.) Additionally, LRCiv 83.3(d) obligates Plaintiff to immediately notify the Court in writing of any change in address.

Plaintiff served Defendants with the Complaint and on February 21, 2006, Defendants filed a Motion to Dismiss. (documents ## 6-8) The Court issued a briefing schedule directing Plaintiff to respond to the Motion to Dismiss on or before April 6, 2006. (document # 9)

Thereafter, on March 15, 2006, the Court received returned mail addressed to Plaintiff marked "undeliverable, released." No alternate address for Plaintiff was found. (document # 10) Plaintiff violated the Court's Order by failing to advise the Court of his new address. In view of Plaintiff's failure to comply with court orders, the Court ordered Plaintiff to show cause

1 on or before May 15, 2006 why this action should not be dismissed without prejudice for failure
2 to comply with Court orders. (document # 11)

3 Thereafter, on April 24, 2006, the Court again received mail addressed to Plaintiff
4 marked "return to sender." (document # 12) To date, Plaintiff has neither responded to the
5 show-cause order nor notified the Court of his current address leaving the Court with no means
6 to contact Plaintiff regarding this matter. In view of Plaintiff's continued failure to advise the
7 Court of his current address in violation of Court orders, this matter should be dismissed. See
8 Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (holding that district court did not abuse its
9 discretion in dismissing pro se plaintiff's complaint for failure to advise the court of his current
10 mailing address).

11 In view of the foregoing,

12 IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice
13 for failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b).

14 This recommendation is not an order that is immediately appealable to the Ninth Circuit
15 Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate
16 Procedure, should not be filed until entry of the District Court's judgment. The parties shall
17 have ten days from the date of service of a copy of this recommendation within which to file
18 specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a),
19 6(e). Thereafter, the parties have ten days within which to file a response to the objections.
20 Failure timely to file objections to the Magistrate Judge's Report and Recommendation may
21 result in the acceptance of the Report and Recommendation by the District Court without further
22 review. See United States v. Reyna- Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1    Failure timely to file objections to any factual determinations of the Magistrate Judge
2 will be considered a waiver of a party's right to appellate review of the findings of fact in an
3 order or judgment entered pursuant to the Magistrate Judge's recommendation. <u>See</u> Fed. R. Civ.
4 P. 72.

5    DATED this 19th day of May, 2006.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge